United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 04-41658
Conference Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS ANGEL HERRERA-TORRES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-391-ALL
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Luis Angel Herrera-Torres appeals the sentence imposed following his guilty-plea conviction for aiding and abetting the possession of more than 50 kilograms (approximately 74.09 kilograms) of marijuana with intent to distribute in violation of 21 U.S.C. §§ 841, 846 and 18 U.S.C. § 2. Herrera-Torres argues that the district court erred in imposing his sentence under the then mandatory United States Sentencing Guidelines that were held unconstitutional in United States v. Booker, 125 S. Ct. 738 (2005).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review for plain error. See United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517). The district court's application of the guidelines in their mandatory form constituted error that is plain. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir. 2005), petition for cert. filed (July 25, 2005) (No. 05-5556). Herrera-Torres concedes that he cannot meet the third prong of plain-error analysis as a review of the record gives no indication that the judge would have sentenced him any differently had he known the guidelines were only advisory. See Mares, 402 F.3d at 522. Therefore, Herrera-Torres has not shown that the district court's imposition of his sentence constituted reversible plain error. See id. at 520-22.

This court has rejected the argument that a Booker error or the application of the then mandatory guidelines is a structural error or is presumptively prejudicial. Mares, 402 F.3d at 520; see also United States v. Malveaux, 411 F.3d 558, 560 n.9 (5th Cir. 2005)(same), petition for cert. filed (July 11, 2005) (No. 05-5297). Therefore, Herrera-Torres's argument that the plain error standard does not apply is foreclosed.

AFFIRMED.